UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANTHONY NELSON CRUZADO,

                Plaintiff,

-against-

SHAWN JOHN COMBS; KEVIN HEART; USHER R AND B; JAY-Z,

                Defendants.

24-CV-8203 (LTS)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff, who is currently incarcerated in Suwannee Correctional Institution in Florida, brings this action *pro se*. By order dated February 26, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis*, that is, without prepayment of fees. For the reasons set forth in this order, the Court dismisses the action for lack of subject matter jurisdiction, with 30 days' leave to replead.

## STANDARD OF REVIEW

    The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

    While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

## BACKGROUND

Plaintiff alleges that in September 2013, he was a guest at a "freck off" party hosted by Sean Combs in an unspecified location.[1] Combs allegedly gave Plaintiff "a shot to drek and told [him] let go to the real prarty." (ECF 1 at 1.) In the room, Combs allegedly pinned Plaintiff on the bed "and rap me with 3 other men name Jay-Z UR." (*Id.* at 2.) It is unclear if any of the events alleged in the complaint are asserted to have occurred in New York.[2]

Plaintiff brings this suit against Combs, Kevin Heart, "Usher R & B," and Jay Z. Plaintiff seeks $175 million from Jay-Z, $88 million from Kevin Heart, $145 million from Usher, and $300 million from Combs.

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

[2] Public records of the Florida Department of Corrections indicate that Plaintiff spent much of his life in Florida, beginning in 2002. In his complaint, Plaintiff states that in 2024, he was found incompetent to stand trial in Tampa, Florida (ECF 1 at 2), though the Court was unable to locate any public records confirming this. Plaintiff was recently convicted in this district of a crime he committed by mail during his incarceration in Florida. *See United States v. Cruzado*, No. 20-CR-0565 (LGS) (S.D.N.Y.). On July 21, 2023, Plaintiff was found in that matter to be "fully competent and able to proceed with his sentencing." *Id.* (ECF 61 at 6.) Because it appears that the Court lacks subject matter jurisdiction of this matter, the Court defers consideration at this stage of whether to appoint a guardian *ad litem*. *See Berrios v. N.Y. City Hous. Auth.*, 564 F.3d 130, 135 (2d Cir. 2009) (holding that where the district court views it as "clear that no substantial claim could be asserted on behalf of [an incompetent person], it may dismiss the complaint, but without prejudice").

## DISCUSSION

### A.  Subject Matter Jurisdiction in Federal Court

The subject matter jurisdiction of the federal district courts is limited. It is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, federal jurisdiction is available only when a "federal question" is presented, or when plaintiff and defendant are citizens of different states and the amount in controversy exceeds $75,000. "[A]ny party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction." *Manway Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative . . . ."). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

### 1.  Federal Question Jurisdiction

To invoke federal question jurisdiction, a plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under federal law if the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007) (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)). Plaintiff does not invoke the Court's federal question jurisdiction, and the facts alleged sound in state law and do not suggest any obvious federal claim. Plaintiff thus does not show that the Court has federal question jurisdiction of this matter.

### 2. Diversity Jurisdiction

Plaintiff also does not allege facts demonstrating that the Court has diversity jurisdiction of this action. To establish jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). In addition, the plaintiff must allege to a "reasonable probability" that the claim is in excess of $75,000, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006).

"An individual's citizenship, within the meaning of the diversity statue, is determined by his domicile." *Johnson v. Smithsonian*, 4 F. App'x 69, 70 (2d Cir. 2001) (citing *Palazzo v. Corio*, 232 F.3d 88, 42 (2d Cir. 2000)). Domicile is "the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." *Linardos,* 157 F.3d at 948. An individual may have multiple residences, but "[a]t any given time, a person has but one domicile." *Palazzo*, 232 F.3d at 42.

Plaintiff has not pleaded facts about where he is domiciled. Ordinarily, a prisoner "retains his pre-incarceration domicile for diversity purposes." *Fermin v. Moriarty*, No. 96-CV-3022 (MBM), 2003 WL 21787351 at *2 (S.D.N.Y. 2003); *see Housand v. Heiman*, 594 F.2d 923, 925 n.5 (2d Cir. 1979); *Blumatte v. Quinn*, 521 F. Supp. 2d 308, 312 n.3 (S.D.N.Y. 2007). Plaintiff also has not pleaded facts about where any of the four individuals named as defendants in this matter are domiciled. Plainiff thus fails to meet his burden of showing that the Court has diversity jurisdiction of this matter. Accordingly, Plaintiff has not established that subject matter jurisdiction in federal court is proper, and the Court dismisses this action for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

## B. Leave to Amend

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Moreover, a district court generally should allow a *pro se* plaintiff an opportunity to amend a complaint in order "to drop dispensable nondiverse defendants whose presence would defeat diversity of citizenship." *Jaser v. New York Prop. Ins. Underwriting Ass' n*, 815 F.2d 240, 243 (2d Cir. 1987).

The Court therefore grants Plaintiff 30 days' leave to file an amended complaint that includes facts showing that the court has subject matter jurisdiction of this action, either because Plaintiff asserts a claim arising under federal law, or because he names only parties that do not have their home in the same state where he is domiciled. If Plaintiff chooses to file an amended complaint, and if he invokes the Court's diversity jurisdiction, he must plead facts about the domicile of each individual.

The Court further notes that, to comply with Rule 8 of the Federal Rules of Civil Procedure, Plaintiff's amended complaint must provide a short and plain statement of the facts showing that he is entitled to relief from defendants. The amended complaint should include:

a) the names and titles of all relevant people;

b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c) a description of the injuries Plaintiff suffered; and

d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated his rights; how, when, and where such violations occurred; and why Plaintiff is entitled to relief. Plaintiff's amended complaint will completely replace, not supplement, the original complaint.

The Court therefore directs the Clerk of Court to hold this matter open on the docket.

## CONCLUSION

Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed for lack of subject matter jurisdiction, Fed. R. Civ. P. 12(h)(3), with 30 days' leave to replead.

An amended complaint form is attached to this order.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to hold this matter open on the docket until judgment is entered.

SO ORDERED.

Dated:   May 27, 2025
         New York, New York

                                             /s/ Laura Taylor Swain
                                              LAURA TAYLOR SWAIN
                                          Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

Write the full name of each plaintiff.

-against-

_____

Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

_____CV_____
(Include case number if one has been assigned)

**COMPLAINT**

Do you want a jury trial?
☐ Yes    ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

---

Rev. 1/9/17

## I. BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐ **Federal Question**

☐ **Diversity of Citizenship**

### A. If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

### B. If you checked Diversity of Citizenship

#### 1. Citizenship of the parties

Of what State is each party a citizen?

The plaintiff, _____, is a citizen of the State of
                       (Plaintiff's name)

_____

(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____.

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
　　　　　　　(Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____.

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____.

If more than one defendant is named in the complaint, attach additional pages providing information for each additional defendant.

## II. PARTIES

### A. Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

_____

First Name　　　　　Middle Initial　　　　　Last Name

_____

Street Address

_____

County, City　　　　　　　　State　　　　　Zip Code

_____

Telephone Number　　　　　Email Address (if available)

Page 3

B. **Defendant Information**

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1:
　　First Name　　　　　　　Last Name

　　Current Job Title (or other identifying information)

　　Current Work Address (or other address where defendant may be served)

　　County, City　　　　　　State　　　　　Zip Code

Defendant 2:
　　First Name　　　　　　　Last Name

　　Current Job Title (or other identifying information)

　　Current Work Address (or other address where defendant may be served)

　　County, City　　　　　　State　　　　　Zip Code

Defendant 3:
　　First Name　　　　　　　Last Name

　　Current Job Title (or other identifying information)

　　Current Work Address (or other address where defendant may be served)

　　County, City　　　　　　State　　　　　Zip Code

Defendant 4:

First Name          Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City          State          Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence:

Date(s) of occurrence:

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____
_____
_____
_____
_____
_____
_____
_____
_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____
_____
_____
_____
_____

**IV. RELIEF**

State briefly what money damages or other relief you want the court to order.

_____
_____
_____
_____
_____

## V. PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| Dated | Plaintiff's Signature |
|---|---|
| First Name     Middle Initial | Last Name |
| Street Address | |
| County, City | State     Zip Code |
| Telephone Number | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:
☐ Yes   ☐ No

   If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.

Page 7

United States District Court
Southern District of New York

# Pro Se (Nonprisoner) Consent to Receive Documents Electronically

Parties who are not represented by an attorney and are not currently incarcerated may choose to receive documents in their cases electronically (by e-mail) instead of by regular mail. Receiving documents by regular mail is still an option, but if you would rather receive them only electronically, you must do the following:

1. Sign up for a PACER login and password by contacting PACER[1] at www.pacer.uscourts.gov or 1-800-676-6856;

2. Complete and sign this form.

If you consent to receive documents electronically, you will receive a Notice of Electronic Filing by e-mail each time a document is filed in your case. After receiving the notice, you are permitted one "free look" at the document by clicking on the hyperlinked document number in the e-mail.[2] Once you click the hyperlink and access the document, you may not be able to access the document for free again. After 15 days, the hyperlink will no longer provide free access. Any time that the hyperlink is accessed after the first "free look" or the 15 days, you will be asked for a PACER login and may be charged to view the document. For this reason, *you should print or save the document during the "free look" to avoid future charges.*

## IMPORTANT NOTICE

Under Rule 5 of the Federal Rules of Civil Procedure, Local Civil Rule 5.2, and the Court's Electronic Case Filing Rules & Instructions, documents may be served by electronic means. If you register for electronic service:

1. You will no longer receive documents in the mail;

2. If you do not view and download your documents during your "free look" and within 15 days of when the court sends the e-mail notice, you will be charged for looking at the documents;

3. This service does *not* allow you to electronically file your documents;

4. It will be your duty to regularly review the docket sheet of the case.[3]

---

[1] Public Access to Court Electronic Records (PACER) (www.pacer.uscourts.gov) is an electronic public access service that allows users to obtain case and docket information from federal appellate, district, and bankruptcy courts, and the PACER Case Locator over the internet.

[2] You must review the Court's actual order, decree, or judgment and not rely on the description in the email notice alone. *See* ECF Rule 4.3

[3] The docket sheet is the official record of all filings in a case. You can view the docket sheet, including images of electronically filed documents, using PACER or you can use one of the public access computers available in the Clerk's Office at the Court.

500 PEARL STREET | NEW YORK, NY 10007
300 QUARROPAS STREET | WHITE PLAINS, NY 10601

PRO SE INTAKE UNIT: 212-805-0175

rev. 2/9/15

# CONSENT TO ELECTRONIC SERVICE

I hereby consent to receive electronic service of notices and documents in my case(s) listed below. I affirm that:

1. I have regular access to my e-mail account and to the internet and will check regularly for Notices of Electronic Filing;

2. I have established a PACER account;

3. I understand that electronic service is service under Rule 5 of the Federal Rules of Civil Procedure and Rule 5.2 of the Local Civil Rules, and that I will no longer receive paper copies of case filings, including motions, decisions, orders, and other documents;

4. I will promptly notify the Court if there is any change in my personal data, such as name, address, or e-mail address, or if I wish to cancel this consent to electronic service;

5. I understand that I must regularly review the docket sheet of my case so that I do not miss a filing; and

6. I understand that this consent applies only to the cases listed below and that if I file additional cases in which I would like to receive electronic service of notices of documents, I must file consent forms for those cases.

**Civil case(s) filed in the Southern District of New York:**

**Note:** This consent will apply to all cases that you have filed in this court, so please list all of your pending and terminated cases. For each case, include the case name and docket number (for example, John Doe v. New City, 10-CV-01234).

_____

_____

_____
Name (Last, First, MI)

_____
Address        City        State        Zip Code

_____
Telephone Number        E-mail Address

_____
Date        Signature

**Return completed form to:**

Pro Se Intake Unit (Room 200)
500 Pearl Street
New York, NY 10007