UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANTHONY NELSON CRUZADO,

                    Plaintiff,

          v.

SHAWN JOHN COMBS, et al.,

                    Defendants.

24-CV-8203 (RA)

ORDER

RONNIE ABRAMS, United States District Judge:

Plaintiff, who is currently incarcerated in Suwannee Correctional Institution in Live Oak, Florida, proceeds *pro se* and *in forma pauperis*. He filed this action on October 22, 2024, alleging that, while a guest at a party hosted by Sean Combs in September 2013, Combs pinned him on a bed "and rap me with 3 other men name Jay-Z UR." ECF 1 at 2. By order dated May 27, 2025, Chief Judge Swain held that Plaintiff had failed to plead facts establishing diversity jurisdiction, 28 U.S.C. § 1332, and dismissed the action for lack of subject matter jurisdiction, with 30 days' leave to replead. Thereafter, Plaintiff submitted motions to appoint a guardian *ad litem* and *pro bono* counsel (ECF 17-18), annexing a May 16, 2024 order of the Circuit Court of the Thirteenth Judicial District for Hillsborough County in Florida, adjudging him both intellectually disabled and mentally incompetent to proceed. The Circuit Court committed Plaintiff to the Developmental Disabilities Defendant Program (DDDP) of Florida's Agency for Persons with Disabilities (APD). For the reasons set forth below, the Court asks that the DDDP and the APD respond to this order to notify the Court if either entity has the ability to provide a guardian *ad litem* for Plaintiff to litigate this case, or can suggest another entity that may be asked to do so.

### DISCUSSION

An "incompetent person normally lacks the capacity to bring suit for himself." *Berrios v. New York City Hous. Auth.*, 564 F.3d 130, 134 (2d Cir. 2009). Rule 17(c) of the Federal Rules of Civil Procedure provides that a minor or incompetent person may be represented by a general guardian, a committee, a conservator, or a similar fiduciary. *see* Fed. R. Civ. P. 17(c)(1). If the guardian of an incompetent person is not an attorney, the guardian must be represented by an attorney in order to conduct the litigation. *Berrios*, 564 F.3d at 134.

The Second Circuit has held that a court may not "make a merits determination of claims filed on behalf of a minor or incompetent person who is not properly represented." *Id.* Thus, the court should not issue a ruling as to whether the complaint states a claim on which relief may be granted, unless the incompetent plaintiff is properly represented by a guardian ad litem, next friend, or other suitable fiduciary, and that representative either is, or is represented by, an attorney. *Id.* at 135. Once representation is obtained, the court should not dismiss the complaint for failure to state a claim without giving counsel an opportunity to file an amended complaint.

A dismissal for lack of subject matter jurisdiction is not a merits determination. Nevertheless, where an amended complaint could cure the original complaint's deficient allegations of subject matter jurisdiction, the district court "must appoint a guardian ad litem—or issue another appropriate order" and "should not dismiss the complaint . . . without giving counsel an opportunity to file an amended complaint." *Davis v. Davis*, No. 21-2308, 2022 WL 19571172, at *1 (2d Cir. Feb. 9, 2022) (summary order).

Here, the Court has granted Plaintiff an opportunity to amend his complaint, but he has since asserted that he is incompetent and thus is not able to file an amended complaint *pro se*. Plaintiff, moreover, is outside this district, and the Court thus seeks assistance in identifying an appropriate guardian *ad litem* for Plaintiff in Florida. The Court therefore requests that the DDDP

and the APD respond to this order to notify the Court if either entity has the ability to provide a guardian *ad litem* for the Plaintiff to assist him in pursuing this litigation or can recommend one that does.

If a guardian *ad litem* is identified, and if that person is not an attorney, the Court will consider at that stage whether to request *pro bono* counsel. Accordingly, the Court defers consideration of Plaintiff's motion for *pro bono* counsel.

## CONCLUSION

For the foregoing reasons, the Court grants Plaintiff's motions to seek appointment of a guardian *ad litem* for purposes of this litigation (ECF 14, 17). The Court directs the Clerk of Court to mail a copy of this order to: (1) the Developmental Disabilities Defendant Program at Florida State Hospital, Attn: Residential Services Director, Post Office Box 1000, Chattahoochee, FL 32324; and (2) Agency for Persons with Disabilities, Attn: Senior Human Services Counselor Supervisor, 1313 N. Tampa Street, Suite 501, Tampa, FL 33602.

The Court requests a response from the Developmental Disabilities Defendant Program and the Agency for Persons with Disabilities regarding their ability to provide a guardian *ad litem*, conservator, or similar fiduciary to assist Plaintiff with this litigation. Any such response can be submitted to the Pro Se Intake Unit, 500 Pearl Street, Room 200, New York, NY 10007.

SO ORDERED.

Dated:    September 24, 2025
          New York, New York

RONNIE ABRAMS
United States District Judge